15-1176
Wang v. Lynch

BIA
Laforest, IJ
A200 933 668

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT:
         GUIDO CALABRESI,
         BARRINGTON D. PARKER,
         GERARD E. LYNCH,
              *Circuit Judges.*
_____

MIN WANG,
         *Petitioner,*

         v.                                    15-1176
                                               NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:          Thomas v. Massucci, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Kiley
                         Kane, Senior Litigation Counsel;
                         Annette M. Wietecha, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Wang, a native and citizen of the People's Republic of China, seeks review of a March 19, 2015, decision of the BIA, affirming a January 14, 2013, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Min Wang,* No. A200 933 668 (B.I.A. Mar. 19, 2015), *aff'g* No. A200 933 668 (Immig. Ct. N.Y. City Jan. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Wang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on

2

an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

As an initial matter, Wang concedes that the adverse credibility determination was properly based on the inconsistency between her testimony and asylum interview about whether her boyfriend was employed and faced penalties for getting her pregnant. Wang also does not challenge the agency's reliance on the inconsistencies between her testimony and medical records regarding whether she was married at the time of her abortion and the name of the hospital in which her abortion had taken place and the lack of reliable corroborating evidence. She has therefore waived review of these bases for the credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005).

3

Considering the whole record before us we conclude that even *assuming arguendo* that Wang's challenges to certain of the agency's additional grounds for finding her not credible are valid, the BIA would still have reached the same result on the basis of the evidence it properly considered. In other words, we conclude that "(1) substantial evidence in the record relied on by the [BIA], considered in the aggregate, supports the [BIA's] finding that petitioner lacked credibility, and (2) disregarding those aspects of the [BIA's] reasoning that are tainted by error, we can state with confidence that the [BIA] would adhere to [its] decision were the petition remanded." *Siewe v. Gonzales*, 480 F.3d 160, 166-67 (2d Cir. 2007) (quoting *Singh v. BIA*, 438 F.3d 145, 147-48 (2d Cir. 2006)).

Because Wang's claims for asylum, withholding of removal, and CAT relief all relied on the same factual predicate, the adverse credibility determination is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk